## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:11CR237** |
| **Plaintiff,** | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **CLAUDIA TAPIA-BORJAS,** | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 64). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 21-29 and 42 (sentencing guidelines) and 74 (reimbursement to Court).

### ¶¶ 21-29 and 42 - Sentencing Guidelines

The Defendant raises a theoretical objection to ¶¶ 21-29 and 42 of the PSR. According to the Addendum to the PSR, this objection was not initially raised, as required, before the probation officer. More importantly, the parties agreed on a 60-month sentence of imprisonment under Federal Rule of Criminal Procedure and, therefore, the objection has no effect in the Defendant's sentencing process. The objection is denied.

### ¶ 74 - Reimbursement to the Court

Paragraph 74 states that information learned during the presentence investigation indicates that the Defendant has funds available to reimburse the government for the

services performed by appointed counsel between August 5 and 18, 2011. The PSR includes no financial information as a signed financial statement was not submitted. The Addendum states that because the Defendant's retention of counsel "may be an indication that she has monies available to pay . . . Court expenses." In the Defendant's objections to the PSR, defense counsel stated that the Defendant's family hired counsel and she did not contribute personally toward his services. Defense counsel states that the Defendant will testify accordingly at the sentencing hearing; however, defense counsel has not followed the procedure set out in ¶ 6(d) of the Order on Sentencing Schedule with respect to the presentation of oral testimony. If such evidence becomes necessary at sentencing, the Court might consider alternatives to the Defendant's oral testimony, such as a proffer. The objection will be resolved at sentencing.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 21-29 and 42 of the PSR are denied;

2. The Defendant's objection to ¶ 74 will be resolved at sentencing;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 16th day of April, 2012.

BY THE COURT:

s/ Laurie Smith Camp
Chief United States District Judge